UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

JAVIER ENRIQUE LUCENA ALVIADES,

Petitioner,

v.

WARDEN, EDEN DETENTION CENTER, et al.,

Respondents.

No. 6:26-CV-274-H

# ORDER

Javier Enrique Lucena Alviades entered the United States illegally two years ago. Dkt. No. 4 at 5–6. In July 2026, ICE detained him without bond. *Id.* at 2. Lucena Alviades concedes that he is an "applicant for admission" as defined by 8 U.S.C. § 1225(a)(1). *Id.* at 6. Before the Court is Lucena Alviades's amended habeas petition, which demands his immediate release or a bond hearing. *Id.* at 9. He alleges that his detention "violates the Due Process Clause of the Fifth Amendment," as well as unspecified "federal immigration statutes[]and controlling Supreme Court precedent."[1] *Id.* at 2.

A district court entertaining an application for a writ of habeas corpus "shall forthwith award the writ" or issue a show cause order "unless it appears from the

[1] In a segment of his petition entitled "Exhaustion of Administrative Remedies," Lucena Alviades cites *Zadvydas v. Davis*, 553 U.S. 678 (2001) for the general principle that he "has a constitutionally protected liberty interest in freedom from unlawful physical restraint." Dkt. No. 4 at 5. First, it is not clear that Lucena Alviades relies on this or any Supreme Court case to support his assertion that his detention violates binding Supreme Court precedent. *See* Dkt. No. 4 at 7–10; *see also id.* at 3–5 (citing caselaw that supports the Court's jurisdiction in this habeas case and Lucena Alviades's argument that he need not administratively exhaust his claim). Even so, as the Court has explained before, the liberty interest discussed in *Zadvydas* is "not applicable to prolonged detention prior to the final order of removal." *Castellano v. Strong*, No. 6:26-CV-125, 2026 WL 2225137, at *9 (N.D. Tex. Aug. 3, 2026).

application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. It is in the Court's discretion to deny the writ without issuing an order to show cause. *Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998). The Court has carefully considered the factual allegations and legal contentions raised in the petition. The Court has also considered hundreds of habeas petitions that sought relief on the same grounds raised in Lucena Alviades's petition, and it has determined that:

- A binding precedential stay issued by the Fifth Circuit forecloses the grant of habeas relief as a matter of substantive and procedural due process. *Sosnava Rodriguez v. Ortega*, Nos. 26-50183, 26-50219, & 26-50221, 2026 WL 2104747 (5th Cir. July 21, 2026).[2] Even were the stay not in effect, the Due Process Clause does not require relief in these circumstances. *Diaz Patino*, 822 F. Supp. 3d at 723–26; *Garibay-Robledo*, 814 F. Supp. 3d at 759–60.

Further, to the extent Lucena Alviades challenges his detention without bond hearing under Section 1225(b)(2)(A),[3] binding Fifth Circuit precedent holds that "alien[s] present in the United States who [have] not been admitted or who arrive[] in the United States" are subject to mandatory detention under Section 1225(b)(2)(A). *Diaz Patino v. Villegas*, 822 F. Supp. 3d 718, 723 (N.D. Tex. 2026) (discussing *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026)); *see also Garibay-Robledo v. Noem*, 814 F. Supp. 3d 747 (N.D. Tex. 2026) (adopting this position prior to *Buenrostro-Mendez*).

Lucena Alviades's arguments in the petition are the same as the arguments raised in the cases above. The Court previously found these arguments unavailing. The Court has

---

[2] The Fifth Circuit had previously vacated the original panel opinion in *Sosnava Rodriguez*, which held that the Due Process Clause required a bond hearing within 90 days of detention. *See* Nos. 26-50183, 26-50219, & 26-50221, 2026 WL 2014647 (5th Cir. July 10, 2026). The motion for stay specifically sought relief as a precedential matter to foreclose relief beyond the consolidated cases pending in *Sosnava Rodriguez*. Nos. 26-50183, 26-50219, & 26-50221, Dkt. No. 178-1.

[3] Lucena Alviades contends that his detention "violates . . . federal immigration statutes," although he does not identify those referenced statutes. Dkt. No. 4 at 2; *see generally id.*

considered them anew in this petition and concludes that habeas relief is unwarranted. Because it appears from the face of the petition that Lucena Alviades is not entitled to relief, the Court denies the petition. Dkt. No. 4.

The Clerk of Court is directed to serve this Order electronically on the United States Attorney's Office for the Northern District of Texas pursuant to the current Service of Process Agreement for federal habeas petitions under 28 U.S.C. § 2241.

So ordered on September 3, 2026.

JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE